**Xin ZHAO, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–74458.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

Peter Lobel, Law Office of Peter Lobel, Gary J. Yerman, Esq., Law Office of Gary J. Yerman, New York, NY, for Petitioner.

CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Xin Zhao, a native and citizen of China, petitions for review of the Board of Immi-

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Wang v. INS,* 352 F.3d 1250, 1253 (9th Cir.2003), and we deny the petition for review.

The IJ's adverse credibility determination rests on, among other things, inconsistencies within Zhao's testimony and between his testimony and application regarding where his father lives in China and whether or not his father, who is also a practitioner of Falun Gong, has been harassed since his relocated within China. *See id.* at 1256–57 (noting that an alien's failure to explain contradictions within his testimony may be sufficient to support an adverse credibility determination). Because these inconsistencies go to the heart of Zhao's claim, *see Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (concluding that an applicant's claim is undercut when similarly situated family members continue to live in the country without incident), a reasonable factfinder would not be compelled to credit his testimony. *See Wang,* 352 F.3d at 1257 (recognizing deferential standard of review). Accordingly, the IJ's adverse credibility determination is supported by substantial evidence. *See id.* at 1256.

Where, as here, the IJ has reason to question the applicant's credibility, the IJ may properly find further support for an adverse credibility determination in the applicant's failure to produce material, easily available corroborating evidence. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

We do not consider the denial of Zhao's application for withholding of removal because it is not addressed in his opening brief. *See Martinez–Serrano v. INS,* 94

F.3d 1256, 1259 (9th Cir.1996) (holding that issues raised in a brief that are not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**